UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERAL PEOPLES,

       Petitioner,

                                                                             Case No. 2:10-cv-49

v.                                                HON. R. ALLAN EDGAR

GARY CAPELLO,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a motion to stay his petition for writ of habeas corpus to allow him to present unexhausted claims in the state courts and a motion to amend his petition to add a party. Petitioner pleaded nolo contendere to assault with intent to do great bodily harm less than murder. It is not clear what claims petitioner wishes to exhaust in the state courts, but it appears that petitioner would like to bring a claim that the Magistrate stamp on a return was inappropriate, in violation of petitioner's rights. In order to hold a habeas petition in abeyance, petitioner is required to file a timely affidavit showing: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Petitioner has not presented such an affidavit. Petitioner has not shown good cause for his failure to present his new claims to the state courts prior to filing this petition. Petitioner has not shown that he has an unexhausted constitutional claim that he did not present in this petition. Petitioner's claim appears to be based upon state law and would likely be barred in this court due to his plea and because of the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the

Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. Petitioner has not shown that his claims have constitutional merit or would not be dismissed in the state courts for failure to present the claims on direct review.

Accordingly, it is recommended that petitioner's motion to stay the petition (Docket #62) and motion to amend his petition (Docket #60) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: November 2, 2010